# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ENTERED**

JUN 1 8 2004

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**DENNIS B. BURCH,**

        **Petitioner,**

v.

        **CIVIL ACTION NO. 1:03CV171**
        **(Judge Keeley)**

**THOMAS McBRIDE, Warden,**

        **Respondent.**


## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254


### I. INTRODUCTION

On July 24, 2003, the *pro se* petitioner, Dennis B. Burch ["Burch"], filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. After reviewing Burch's §2254 petition, the Court was unable to determine whether (1) Burch had exhausted his state judicial remedies; (2) when the state courts had entered various orders regarding Burch's criminal case and post-conviction remedies; (3) whether Burch's claims were supported by facts; and (4) whether the facts once pleaded would be sufficient to raise a federal constitutional issue. Thus, by Order entered on November 7, 2003, the Court Ordered Burch to file an amended petition outlining the complete history of his post-conviction state habeas proceedings, motions for extraordinary remedies and appellate review, including specific dates of filings and dates of orders. The Court also Ordered Burch to set forth specific factual allegations as well as the law upon which he relies.

Pursuant to the Court's Order, on December 10, 2003, Burch filed an amended §2254



petition.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

## II. **PROCEDURAL HISTORY**

### A. **Conviction and Sentence**

According to the facts Burch has provided, around July 1996, Burch's wife began an affair with Gary Hissem, a deputy sheriff in Ritchie County. On October 3, 1996, Burch hid in his wife's garage while she was at work. He had taken a .22 caliber pistol with him, and loaded it while in the garage, and put it in his pocket. When his wife came home, Burch snuck from his hiding place and hid in the trunk of Mrs. Burch's automobile. Mrs. Burch soon drove to where Mr. Hissem was staying and went inside the home. Mr. Hissem was sitting in the dark with two loaded weapons nearby. A light in the kitchen illuminated the foyer and barely illuminated the room in which Mr. Hissem was seated. Burch got out of the trunk with the pistol. Then, he burst through the front door of the house "causing the door frame to shatter and causing splinters of wood to sprinkle over the foyer area and into the living room where his wife and Mr. Hissem were located."[1] Mr. Hissem stood up with his .357 magnum drawn and pointed at Burch. Mrs. Burch screamed "Dennis, be careful, he has a gun." At the point, Burch began firing and shot Mr. Hissem six times, causing his death.

In May 1997, Burch was convicted by jury in the Circuit Court of Ritchie County of first

---

[1]Burch asserts he went to the house to interfere with the relationship of his wife and Mr. Hissem and because of previous threats made against him by Mr. Hissem, he felt he should be armed.

degree murder. He was sentenced to life with mercy, and is currently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia.

## B. **Appeal**

On October 1, 1997, Burch filed a Petition for Appeal with the West Virginia Supreme Court of Appeals. In his Petition for Appeal, he raised the following grounds:

(1)    Did the court err by admitting into evidence the videotaped statement of the Appellant's wife given to the police within one hour of the crime?

(2)    Did the court err in allowing the videotape of the crime scene and photographs showing the bullet wounds of the victim?

(3)    Did the trial court err by not instructing the jury that intent to kill is a required element of second degree murder?

On March 25, 1998, the West Virginia Supreme Court of Appeals refused Burch's Petition for Appeal.

## C. **State Post-Conviction Proceedings**

In November 1998, Burch filed a Petition for Writ of Mandamus with the West Virginia Supreme Court of Appeals in which he requested that the Circuit Clerk be ordered to produce various documents. On December 3, 1998, the West Virginia Supreme Court of Appeals issued a writ of habeas corpus ad subjiciendum directing the warden to produce Burch before the Circuit Court of Ritchie County on January 26, 1999, for a determination on Burch's request for documents and request for counsel to aid in filing a petition for writ of habeas corpus.

On March 3, 1999, Burch filed a Petition for Unconditional Discharge with the West Virginia Supreme Court of Appeals. On May 20, 1999, the West Virginia Supreme Court of Appeals issued a writ of habeas corpus ad subjiciendum directing the warden to produce Burch at the Circuit Court

of Ritchie County on January 26, 1999, for the immediate appointment of counsel, the filing of a post-conviction habeas corpus petition and a subsequent hearing on the habeas corpus petition.

By letter dated July 21, 1999, Burch advised the circuit court of numerous issues which he asserted justified his release from prison. Thereafter, on October 21, 1999, Burch, by counsel, filed a Petition for Writ of Habeas Corpus Ad Subjiciendum in the Circuit Court of Ritchie County. In his petition, he raised the following grounds:

(1)      Petitioner contends that the trial court erred in ruling that his confession was voluntarily made.

(2)      Petitioner contends that the trial court denied him certain of his constitutional rights pertaining to certain evidentiary rulings.

(3)      The Petitioner contends that he was prohibited from giving correct jury instructions regarding the applicable law on the offense of second degree murder due to the trial courts errors.

(4)      The Petitioner contends that the trial judge's conduct during the testimony of the Petitioner's spouse was prejudicial to the Petitioner's defense of self-defense.

(5)      The Petitioner contends that communication took place between certain jurors and third parties during the trial of this matter concerning the trial.

By Order entered on June 18, 2002, the circuit court summarily denied the petition without an evidentiary hearing. Ground One was denied because Burch waived it; Grounds Two, Three, and Four were denied on the basis of *res judicata* as the issues had been presented to the West Virginia Supreme Court of Appeals; and Ground Five was denied as being without merit because the trial court questioned a juror in chambers to determine "whether she was free from bias or exposed to prejudicial information" given the allegation that the juror had lunch with the victim's sister during trial. The circuit court also denied Ground Five because if any error occurred it was harmless, and

the court allowed the polling of the jury following the reading of the verdict pursuant to Burch's request.

Burch filed a Petition for Appeal from the circuit court's order in which he raised the following grounds:

(1)     Whether the Circuit Court Judge erred in ruling upon the Petition summarily without affording the Petitioner an evidentiary hearing.

(2)     Whether the Circuit Court Judge erred in ruling that the issues in Petitioner's Petition were *res judicata.*

(3)     Whether the Petitioner should be entitled to amend his Petition for Habeas Corpus based upon information revealed in the transcripts of the *voir dire* and opening statements which were just recently received.

The West Virginia Supreme Court of Appeals refused the Petition for Appeal on May 14, 2003.

## D. Federal Petition for Habeas Corpus

In his amended §2254 petition, Burch raises the following grounds:

(1)     The trial court's decisions in pretrial, trial and post-trial proceedings that resulted in adverse rulings against his defense, the decision by the West Virginia Supreme Court of Appeals to refuse review of the direct petition for appeal . . . the State's failure to provide post-conviction discovery . . . the refusal of the Circuit Court of Ritchie County to schedule and hold a[n] omnibus evidentiary hearing on the merits of his petition for a writ of habeas corpus ad-subjiciendum, and the decision of the West Virginia Supreme Court of Appeals to refuse review . . . to refuse review of the petitioner's habeas appeal . . . represents the denial of basic due process under the Fourteenth Amendment of the United States Constitution, and in a word, it is simply unfair for the State of West Virginia to condemn him to spend the rest of his natural life in prison with the possibility of parole without a merit consideration by the State's highest court on appeal and the lower Court via habeas corpus proceedings.

(2)     The Circuit Court of Ritchie County, West Virginia denied his Due Process

of Law as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America when the Honorable Robert L. Holland, Jr., summarily dismissed the petitioner's State petition for a writ of habeas corpus ad-subjiciendum on June 18, 2002 without holding a full open court omnibus evidentiary hearing and entering a proper finding of facts and conclusions of law order for each of the issues raised violative of the statutory right accorded all state habeas corpus petitioners in West Virginia Code §53-4A-7(c).

(3)     The Circuit Court of Ritchie County committed reversible error in admitting into evidence the videotaped statement of his wife given to the investigating police officers within one hour of the crime.[2]

(4)     The Circuit Court of Ritchie County committed reversible trial error and violated his state and federal constitutional rights to a fair and impartial jury trial, and due process of law in admitting the videotape of the crime scene and photographs showing the bullet wounds of the victim.[3]

(5)     The Circuit Court of Ritchie County committed reversible trial error and violated his state and federal constitutional rights to a fair and impartial jury trial, and to due process of law by not instructing the jury that intent to kill is a required element of second degree murder. . .The trial court erred when it failed to allow him to introduce the multiple prior bad acts, threats and violent character of the decedent, and, denied his rights to a full and fair trial.

(6)     The trial court committed reversible error and violated his state and federal constitutional rights to due process of law in ruling that the petitioner's grounds and/or issues raised within his State petition for a writ of habeas corpus were res judicata.

(7)     The trial court committed reversible error and violated his state and federal

---

[2]According to Burch, the circuit court erred in admitting the videotaped statement which his wife gave at the crime scene because he did not receive notice that the State intended to offer it into its case in chief, the statement was not trustworthy, and it was 'not more probative on the issue of premeditation, deliberation and malice than other evidence that State could reasonably procure."

[3]Burch asserts that in light of his confession, the testimony of the investigating officer, and the testimony of the medical examiner, the photographs were not relevant regarding the issue of why the petitioner shot the victim. Further, according to Burch there was other evidence which showed the location of the victim's body and crime scene. Thus, Burch alleges that the introduction of the videotape was used to arise "the passion and cause the jury to convict rather than acquit or cause them to convict the petitioner of first degree murder rather than the lesser included offense of second degree murder or manslaughter."

6

constitutional rights to due process of law in ruling that the petitioner could not present amendments or amended grounds in his State petition for a writ of habeas corpus.

(8)     The trial judge's conduct during the testimony of the Petitioner's spouse was prejudicial to the Petitioner's defense of self-defense.

(9)     Communication took place between certain jurors and third parties during the trial of this matter concerning the trial.[4]

(10)   His constitutional rights to equal protection, due process of law, and a fair and impartial jury trial were violated due to ineffective assistance of counsel, violative of Article III, Sections 10, 14 and 17 of the West Virginia Constitution and the First, Sixth, and Fourteenth Amendments to the United States Constitution.

(a)     Trial counsel violated the Petitioner's right to effective assistance of counsel in that . . . Judge Joseph G. Troisi disclosed to the parties that the person named in the indictment as victim, Gary B. Hissem, was the brother of the husband of Judge Troisi's second cousin's daughter. Judge Troisi refused to voluntarily recuse himself and trial counsel made no motion to request disqualification.

(b)     The appointment and subsequent selection of the petit jurors, some of whom were previously represented by the special prosecutor and who in fact was married to petit juror, Earnest Jones's niece, was never objected to by trial counsel.

(c)     Trial counsel . . . failed to move the Court for a change of venue.

(d)     Most of the jurors had indicated during voir dire that they had read and watched news articles, and, had in fact discussed or heard about the case throughout the community. Although the Court instructed the jurors not to discuss the case, it did not prevent the news media and those in law enforcement from generating influence during this period of time. Trial counsel made no motion to dismiss the jury, or move to have the jury sequestered.

---

[4]Burch alleges that "at least four (4) witnesses observed a female juror, Dorothy Mitchell, engage in a lunch conversation with the sister of the victim, Gary Hissem, which at the very least gives an appearance of extreme impropriety." Also, Burch alleges that the girlfriend of Delmas Curtis, a juror, "related to several individuals information sufficient to indicate that she and the juror had been discussing the case during its pendency."

(e)     Habeas counsel . . . refus[ed] to obtain possession of all transcripts prior to filing the petitioner's post-conviction habeas corpus.

(f)     Habeas counsel . . . allowed the time period for amending the Petitioner's habeas petition to expire.

(g)     Habeas counsel failed to review all transcripts and in doing so, denied the Petitioner an opportunity to put forth a claim of ineffective assistance of trial and appellate counsel.

## E.  Recommendation

Based upon a review of the file, the undersigned recommends that Burch's §2254 petition be denied and dismissed with prejudice.

## III. ANALYSIS

## A.  Exhaustion.

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. 28 U.S.C. §2254.[5]  To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997).  "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim.   The ground relied upon must be presented face-up and squarely;  the federal question must be plainly defined." Id. at 911.

---

[5] 28 U.S. C. §2254(b)(1)  provides that:

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is either an absence of available State corrective process; or (ii) circumstances exist that  render such process ineffective to protect the rights of the applicant.

The exhaustion of state remedies in accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971). The petitioner must demonstrate that the claims raised in state court are the same as the issues raised in federal court. Pitchess v. Davis, 421 U.S. 482, 487 (1975)("the rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another one in the federal courts.")

"The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, "[a] habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation, the petitioner must also explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

### Burch has not Exhausted his Grounds.

The undersigned has examined each of Burch's grounds for relief and finds that only Ground

3 has been exhausted. In his other grounds, Burch did not raise his federal constitutional issues before the West Virginia Supreme Court of Appeals on either his direct appeal or in his petition for appeal from the denial of his habeas corpus petition.

In Ground One, Burch asserts that the decisions made by the courts at all levels of his criminal case violated his Fourteenth Amendment rights. Specifically, he contends that there should be mandatory appellate review or habeas review of a life sentence and disagrees with the fact the circuit court did not hold an evidentiary hearing and the West Virginia Supreme Court denied his petitions for appeal. However, Burch never raised a Fourteenth Amendment issue before the West Virginia Supreme Court of Appeals nor argued before the West Virginia Supreme Court of Appeals that he was entitled to mandatory appellate review. In fact, his argument regarding mandatory appellate review appears to have been triggered by the order which denied his petition for appeal.[6] Consequently, the issue Burch presents to this Court has not been exhausted.

In Ground Two, Burch alleges that the circuit court violated W.Va. Code §53-4A-7(c), Banks v. Trent, 523 S.E. 2d 846 (1999), and State ex rel. Watson v. Hill, 488 S.E.2d 476 (W.Va. 1997), which require a circuit court to make specific findings of fact and conclusions of law regarding the grounds raised in a habeas petition. According to the petitioner, the circuit court violated West Virginia law by not holding an evidentiary hearing or entering an order setting forth findings of fact and conclusions of law. While Burch now raises a due process issue regarding his failure to receive an omnibus hearing, when Burch filed an appeal from the denial of the habeas petition he did not

---

[6]In its May 14, 2003 Order, Chief Justice Starcher and Justice Albright stated that the Court "should give full appellate review, with full briefing and oral argument, to all cases involving life imprisonment." Justices Davis and Maynard opined "that the Court's discretionary review procedure in cases involving a sentence of life imprisonment is constitutionally sound."

raise such issue. Thus, this ground appears to be unexhausted.

In Ground Three, Burch asserts that the circuit court erred in admitting into evidence the videotaped statement of his wife. Burch raised this issue in his petition for appeal from his conviction and sentence. However, in both his §2254 petition and his petition for appeal, he argues that the circuit court violated West Virginia law. Thus, as discussed later, even though the claim is exhausted, it is not cognizable in federal habeas corpus.

In Ground Four, Burch asserts that the circuit court "violated his state and federal constitutional rights to a fair and impartial jury trial, and to due process of law in admitting the videotape of the crime scene and photographs showing the bullet wounds of the victim." However, when Burch filed a petition for appeal, he only argued that the photographs "failed to meet the requirements of Rules 401 and 403 of the West Virginia Rules of Evidence per this Court's ruling in State v. Derr, 192 W.Va. 165, 451 S.E.2d 731 (1994)." Burch made no argument in his petition for appeal that his federal constitutional rights were violated by the introduction of such evidence. Thus, the undersigned finds that this ground has not been completely exhausted.

In Ground Five, Burch alleges that the jury instructions violated his constitutional rights to a fair and impartial jury trial. Burch challenged the jury instructions on direct appeal. However, in his petition for appeal from his conviction, he only argued that the jury instructions did not contain the element of intent to kill as required by state law. He did not raise any constitutional issue with regard to the jury instruction. Thus, this ground is not exhausted.

With regard to Ground Six, Burch alleges that the circuit court's determination that his issues were *res judicata* violated his state and federal constitutional rights to due process. The undersigned finds that this issue has not been fully exhausted. When Burch filed his Petition for

Appeal from the denial of his habeas petition, he argued that the circuit's ruling that his issues were *res judicata* was error in light of the habeas corpus statute and <u>Losh v. McKenzie</u>, 277 S.E. 2d 606 (W.Va. 1981). Burch has clearly raised a different issue in his §2254 petition than the issue previously presented to the West Virginia Supreme Court of Appeals.

In Ground Seven, Burch argues that the circuit court violated his federal and state due process rights by failing to allow him to amend his state habeas petition. When Burch raised the amendment issue before the West Virginia Supreme Court of Appeals, he did not assert that his state and federal constitutional rights to due process were violated by not being allowed to amend his habeas petition. Instead, he argued that he obtained the transcripts of the voir dire and opening and closing statements after he filed his habeas petition and believed that based on the additional transcripts he had an additional ground to raise regarding venue and the jury selection process. He further argued that the new transcripts constituted new evidence which justifies an omnibus hearing under <u>Losh</u>. Thus, this issue is unexhausted.

In Ground Eight, Burch asserts that when his wife took the stand and refuted her videotaped statement that she had given to the West Virginia State Police within one hour of the shooting of the victim, the trial judge twice made sounds which he characterized as "snickers" and the trial judge "turned his chair around so that his back was turned to the witness during her testimony." Burch contends that the acts of the trial judge was prejudicial to him. This ground was not presented to the West Virginia Supreme Court of Appeals and is not exhausted.

In Ground Nine, Burch claims that a juror had communications with a third party. However, this ground was never presented to the West Virginia Supreme Court of Appeals and is unexhausted.

In Ground Ten, Burch raises numerous claims of ineffective assistance of counsel. However,

he has never raised such ground before the West Virginia Supreme Court of Appeals and such ground is unexhausted.

Thus, the undersigned finds all of Burch's claims, except Ground 3, are unexhausted and his petition could be denied on that basis alone. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2). The undersigned concludes that Burch's grounds are without merit and that his petition should be dismissed with prejudice.

## B. **Burch's Grounds are Without Merit.**

Ground One is without merit. While there is a difference in opinion among the justices of the West Virginia Supreme Court of Appeals as to whether the court should grant mandatory appellate review of life sentences, the Fourth Circuit Court of Appeals previously held in <u>Billoti v. Legursky</u>, 975 F. 2d 113 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 984 (1993) that West Virginia's discretionary appeal procedures do not violate due process. The Fourth Circuit further noted that the right to petition for appeal in West Virginia has numerous procedural protections. <u>Id.</u> Thus, Burch's claim that his constitutional rights were violated by the discretionary review of the West Virginia Supreme Court of Appeals is without merit. (The undersigned has addressed Burch's claims regarding the post-conviction proceedings with Ground Two).

Ground Two is also without merit. The United States District Court for the Southern District of West Virginia has determined that a habeas petitioner does not have a right under any and all circumstances to an evidentiary hearing regarding his habeas petition. In reaching this decision, the court stated as follows:

West Virginia Code 53-4A-1 *et seq.* addresses post-conviction habeas corpus

13

remedies. Section 53-4A-7 addresses the granting or denial of relief, with or without an omnibus habeas corpus hearing:

> (a) If the petition [and related documents], . . . show to the satisfaction of the court that the petitioner is entitled to no relief, . . . the court shall enter an order denying the relief sought. If it appears to the court from said petition [and related documents], . . . that there is probable cause to believe that the petitioner may be entitled to some relief . . ., the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury. * * *
>
> (c) When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case,.... In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. * * *
> §§W. Va.Code 53-4A-7(a) and (c) (1998).

In Perdue v. Coiner, 156 W.Va. 467, 194 S.E.2d 657 (W.Va.1973), the Supreme Court of Appeals recognized that a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition and related documents show to such court's satisfaction that the petitioner is entitled to no relief. The Court noted that the statute contemplates the exercise of discretion by the court.

In Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606, 764 (W.Va.1981), the Court held that "every person convicted of a crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated." In Losh, the Court noted the "difficulty" presented in the case due to the fact that the petitioner never had appointed counsel in his post-conviction efforts, and never had an omnibus hearing. Id., at 767, 277 S.E.2d 606.

In Gibson v. Dale, 173 W.Va. 681, 319 S.E.2d 806, 812 (W.Va.1984), the Court addressed the issue of when a full evidentiary hearing must be conducted under the West Virginia post-conviction habeas corpus statute. The Court held that Circuit

Courts have some discretion whether to conduct an evidentiary hearing, but not unlimited discretion. Id., at 813. Citing Harris v. Nelson, 394 U.S. at 300, and quoting from that Supreme Court opinion that "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry," our West Virginia Supreme Court held as follows:

> With respect to the issue of whether in a particular case, the petition is entitled to a full evidentiary hearing, the ultimate question to be decided by the court is whether the petitioner has had a full and fair hearing at some stage of the proceeding with respect to the contentions raised in his petition. If the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record. If, on the other hand, the facts giving rise to the petitioner's contentions have never been fully developed prior to the habeas proceeding or proof of the petitioner's allegations depends on after- discovered information, the court should afford the petitioner a full opportunity for the presentation of the relevant facts.
> 277 S.E.2d at 814.

In State ex rel. Watson v. Hill, 200 W.Va. 201, 488 S.E.2d 476, at 478 (W.Va.1997), the Supreme Court of Appeals held that a one-paragraph order finding that the allegations in a petition for a writ "are entirely without merit" and denying the petition was insufficient. The Court also ruled that the issue of ineffective assistance of counsel is a "notable exception" to the general rule that the judge who presided at the trial and who has access to transcripts is sufficiently familiar with the underlying proceedings to determine the issues raised in a petition without a hearing. Id., at 479. Obviously, issues such as incompetency of counsel will not have been raised or litigated in the underlying criminal trial. Id.

Jenkins v. Coleman, 2002 WL 32366023, *6-*7 (S.D.W.Va. 2002). Thus, under West Virginia law, Burch was not entitled to have an evidentiary hearing. Further, the Southern District determined that federal habeas corpus law does not require a state to grant the prisoner a hearing on the merits. Id. Moreover, error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998). Accordingly,

15

Ground Two is without merit.

In Ground Three, Burch only argues in his §2254 petition that the admission of the videotaped statement of his wife was contrary to West Virginia law. However, a federal court may only rule on federal constitutional issues in a habeas petition. Violations of state law do not state claims cognizable by federal courts. Estelle v. McGuire, 502 U.S. 62, 68 (1991). Consequently, Ground Three is not cognizable in federal habeas corpus.

In Ground Four, Burch alleges that the introduction of the videotape of the crime scene violated his state and federal constitutional rights because such evidence caused the jury to convict him of first degree murder instead of second degree murder or manslaughter. According to Burch, the trial court erred in admitting various footage of a color videotape of the crime scene, including a close up view of the victim which revealed the bullet holes in his chest and the pool of blood under his head. He further alleges the trial court erred in admitting color photographs taken of the victim at the medical examiner's office prior to the autopsy being conducted. Burch states that he confessed to shooting the victim and this evidence was not relevant in determining why the victim was shot, i.e., whether he shot the victim in self-defense, failed to premeditate the killing or failed to act with malice. Burch also alleges that distant shots on the videotape showed the location of the body, as did a police diagram and other evidence. Additionally, he asserts that the medical examiner testified as to the condition of the body, the entry of the bullets, and the flight of the bullets.

Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," admissibility of evidence does not present a federal question. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). "The trial court's consideration of the probative value versus the prejudicial effect of particular pieces of evidence, absent extraordinary circumstances, will

not be disturbed." Beasley v. Holland, 649 F.Supp. 561, 565 (S.D.W.Va.1986) (citing United States v. MacDonald, 688 F.2d 224 (4th Cir.1982). "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002)(quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir.1990)). The undersigned finds that the admission of the contested evidence did not violate Burch's constitutional rights and did not impugn the fundamental fairness of the trial.

In Ground Five, Burch alleges the circuit court gave improper jury instructions. The Fourth Circuit has held that, "[o]rdinarily, 'instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues,' and are therefore not reviewable in a federal habeas proceeding." Nickerson v. Lee, 971 F.2d 1125, 1137 (4th Cir. 1992)(quoting Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960)), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999). "A federal court may grant habeas relief only when the challenged instruction 'by itself so infected the entire trial that the resulting conviction violates due process.'" Id. at 1137 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). "A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. While this does not mean that an instruction by itself may never rise to the level of constitutional error it does recognize that a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge." Cupp v. Naughten, 414 U.S. 141, 147 (U.S.1973).

In Neder v. United States, 527 U.S. 1 (1999), the Supreme Court held "that the omission [of an element of an offense or an error in a jury instruction] is subject to harmless error analysis. Under

17

the harmless error standard, habeas relief must be granted if the error had "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in "actual prejudice." <u>Id.</u> at 637. "When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless. And, the petitioner must win." <u>O'Neal v. McAninch</u>, 513 U.S. 432, 436 (1995).

The trial court instructed the jury as follows:

> Before the defendant, Dennis Burton Burch, may be convicted of murder in the first degree, the State of West Virginia must overcome the presumption that he is innocent and prove to the satisfaction of the jury, beyond a reasonable doubt that:
>
> 1. The defendant, Dennis Burton Burch;
> 2. in Ritchie County, West Virginia;
> 3. on or about the 3rd day of October, 1996;
> 4. willfully;
> 5. intentionally;
> 6. deliberately;
> 7. premeditatedly;
> 8. maliciously;
> 9. and unlawfully;
> 10. killed;
> 11. Gary B. Hissem.
>
> Before the defendant, Dennis Burton Burch, may be convicted of murder in the second degree, the State of West Virginia must overcome the presumption that he is innocent and prove to the satisfaction of the jury, beyond a reasonable doubt that:
>
> 1. The defendant, Dennis Burton Burch;
> 2. in Ritchie County, West Virginia;
> 3. on or about the 3rd day of October, 1996;

18

4.     unlawfully and;
5.     maliciously;
6.     but without deliberation or premeditation;
7.     killed;
8.     Gary B. Hissem.

Before the defendant, Dennis Burton Burch, can be convicted of voluntary manslaughter, the State of West Virginia must overcome the presumption that he is innocent and prove to the satisfaction of the jury, beyond a reasonable doubt that:

1.     The defendant, Dennis Burton Burch;
2.     in Ritchie County, West Virginia;
3.     on or about the 3rd day of October, 1996;
4.     intentionally;
5.     unlawfully and;
6.     feloniously, but without premeditation, deliberation, or malice;
7.     killed;
8.     Gary B. Hissem.

Burch asserts that the instruction regarding second degree murder was erroneous because it did not contain the element of intent. However, the jury instruction for second degree murder did not render the trial fundamentally unfair nor did the fact that the intent element was left out of the instruction for Second Degree Murder have a 'substantial and injurious effect or influence in determining the jury's verdict.'" Burch's allegation that if the jury found he acted intentionally that the jury could only choose between first degree murder and voluntary manslaughter is unpersuasive. Instead, the undersigned finds that the fact that Burch hid in a car with a loaded pistol and burst into the house more determinative of whether he did or did not commit second degree murder.

Burch also argues in Ground 5 that the trial court erred in refusing to allow him to introduce evidence of "multiple prior bad acts, threats and violent character of the decedent." As previously

stated evidentiary rulings do not present a federal question unless the ruling affects fundamental fairness or infringes upon specific constitutional rights. Thus, this ground is without merit.

With regard to Ground Six, Burch claims that the circuit court erred in determining that his issues were *res judicata* without holding an evidentiary hearing. However, as previously discussed, Burch was not entitled to an evidentiary hearing. Thus, this claim is without merit.

In Ground Seven, Burch challenges the circuit court's refusal to allow him to amend his habeas petition. "Since a state is not constitutionally required to afford post conviction process following completion of the direct appeal, it could not be a violation of federal due process for the state not to allow an amendment to a post conviction motion even if the denial would be a violation of state law requirements." Kandies v. Lee, 252 F.Supp.2d 252, 261 (M.D.N.C.2003). Thus, this claim is without merit.

In Ground Eight, Burch challenges the conduct of the judge during trial. Specifically, Burch complains of the trial judge's behavior during the testimony of Mrs. Burch. According to Burch, during her testimony, Mrs. Burch refuted the videotaped statement she gave to police within one hour of the shooting.[7] During her testimony, the trial judge made "snicker" sounds at least twice and turned his back on Mrs. Burch. Burch argues that the trial judge's actions prejudiced him because the judge acted as if he did not believe Mrs. Burch's testimony.

"In determining the prejudicial effect of a judge's conduct or comments, the court must balance the nature and seriousness of the alleged misconduct against the context in which it occurred to determine whether the conduct or comments 'adversely affected the overall fairness of the trial.'"

---

[7]According to Burch, in the videotaped statement, Mrs. Burch stated that the victim was sitting when he was shot, she improperly described the gun used by Burch and she never told the police that the victim had a gun ready to fire.

Ryan v. Clarke, 281 F.Supp.2d 1008, 1067 (D.Neb.2003)(internal citations omitted). "A petitioner claiming that a judge's bias deprived him of a fair trial faces a difficult task . . . a federal court will not lightly intervene when such a claim is asserted." Gayle v. Scully, 779 F.2d 802, 806 (2d Cir.1985), cert. denied, 479 U.S. 838 (1986). A "petitioner must demonstrate not merely that the judge's conduct was 'undesireable' or even 'universally condemned,' but he must show that it 'violated some right guaranteed to the defendant by the Fourteenth Amendment.'" Minor v. Harris, 556 F.Supp. 1371, 1378 (S.D. N.Y. 1983) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973)). The undersigned finds that Burch's allegations doe not reveal that he was denied due process.

In Ground Nine, Burch alleges communications occurred between jurors and third parties during trial. Specifically, Burch asserts that four witnesses saw a female juror engaged in "lunch conversation" with the victim's sister, and a girlfriend of a juror "related to several individuals information sufficient to indicate that she and the juror had been discussing the case during its pendency." The Sixth Amendment guarantees a criminal defendant the right to an impartial jury. Fullwood v. Lee, 290 F.3d 663 (4th Cir.2002), cert. denied, 537 U.S. 1120 (2003). "[W]hen a habeas petitioner bases a juror bias claim on improper communication between, or improper influence exerted by, a nonjuror upon a juror ..., he 'must first establish both that an unauthorized contact was made and that it was of such a character as to reasonably draw into question the integrity of the verdict.'" Id. at 678. "Private communications, possibly prejudicial, between jurors and third persons ... are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear." Gray v. Hutto, 648 F.2d 210, 211 (4th Cir.1981)(quoting Mattox v. United States, 146 U.S. 140 (1892).

The circuit court stated in its denial of Burch's habeas petition that the trial court properly

followed State v. Finley, 355 S.E. 2d 47 (W.Va. 1987) because the trial judge recessed and questioned the juror in question to determine if she was free from bias or exposed to prejudicial information. Further, the circuit court concluded that if any error occurred it was harmless. Additionally, the trial court allowed the jury to be polled following the reading of the verdict. Lastly, the circuit court noted that Burch failed to file any interlocutory or post-trial motions asserting that any further jury misconduct occurred during trial. Additionally, the claim of juror misconduct was not raised on direct appeal.

Burch does not allege he was prejudiced by the alleged conduct. Instead, he states that "he is entitled to a hearing on the issue of juror communications and if prejudiced thereby, he is entitled to have the verdict of the jury set aside."

28 U.S.C. §2254(e) provides as follows regarding evidentiary hearings:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Here, the trial court addressed the allegations of juror misconduct, and the issue does not

appear to have been pursued any further. Burch has not provided any evidence that the state court findings that there was no juror misconduct was wrong. Thus, Burch is not entitled to an evidentiary hearing and this claim is without merit.

Further Ground 10 is without merit. Burch asserts that he was provided ineffective assistance of counsel for numerous reasons. Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Burch first asserts his attorney was ineffective for failing to object to the judge hearing the case because of a distant relationship with the victim. W.Va. Code §51-2-8 provides as follows:

Each circuit, criminal or intermediate judge, during his continuance in office, shall reside in the circuit or county for which he was elected. When such judge is a party to a suit, or is interested in the result thereof otherwise than as a resident or taxpayer

23

of the district or county, or is related to either of the parties, as grandfather, father, father-in-law, son, son-in-law, brother, brother-in-law, nephew, uncle, first cousin or guardian, or if, at the time of the institution of the suit, or at any time before its final termination, he, his wife, or any party or parties related to him in the degree hereinbefore specified, is a stockholder, or officer, in any stock company or corporation which is a necessary party to the proceedings, or if he is a material witness for either party, he shall not take cognizance thereof unless all parties to the suit consent thereto in writing: Provided, that no judgment or decree rendered or pronounced by any such judge shall be invalidated by reason of such relationship unless the same appear of record in such suit or proceeding: Provided further, that nothing herein contained shall disqualify a judge who comes within the provisions of this section to enter a formal order designed merely to advance the cause towards a final hearing and not requiring judicial action involving the merits of the case.

The trial judge's relationship was not one of those referenced in W. Va. Code §51-2-8, and is in fact a very distant relationship. The victim was the brother of the husband of Judge Triosi's second cousin's daughter. Therefore, his attorney was not ineffective for failing to make a motion for disqualification of the trial judge.

With regard to Burch's allegation that his attorney never objected to the selection of jurors, "some of whom were previously represented by the special prosecutor and who in fact was married to petit juror, Earnest Jones's niece," Burch never indicates when his attorney learned of this alleged relationship or how he was prejudiced by no objection being made to the juror.

Burch alleges that his trial counsel erred in failing for move for change of venue. With regard to change of venue, Rule 21(a) of the West Virginia Rules of Criminal Procedure provides as follows:

The circuit court upon motion of the defendant shall transfer the proceedings as to that defendant to another county if the circuit court is satisfied that there exists in the county where the prosecution is pending so great a prejudice against the defendant that he or she cannot obtain a fair and impartial trial at the place fixed by law for holding the trial.

24

In <u>State v. Lassiter</u> 354 S.E.2d 595 (W.Va.1987), the West Virginia Supreme Court of Appeals elaborated on a change of venue. According to the West Virginia Supreme Court, "[t]o warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests on the defendant, the only person who, in any such case, is entitled to a change of venue. The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused." <u>Id.</u> at 598. "'Good cause shown' for change of venue, as the phrase is used in W.Va. Constitution, Article III, Section 14 and W.Va.Code, 62-3-13, means proof that a defendant cannot get a fair trial in the county where the offense occurred because of the existence of a locally extensive present hostile sentiment against him."<u>Id.</u> "Similarly, although we have held that the countywide existence of a 'present hostile sentiment against an accused ... is good cause for removing the case to another county,' '[w]idespread publicity, of itself, does not require change of venue, and neither does proof that prejudice exists against an accused, unless it appears that the prejudice against the accused is so great that he cannot get a fair trial.'" <u>Id.</u> (internal citations omitted).

Burch has offered no facts whatsoever to support his allegation that his attorney was ineffective for failing to make a motion for change of venue. The petition must come forward with evidence that the claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993), <u>abrogation on other grounds recognized</u>, <u>Yeatts v. Angelone</u>, 166 F. 3d 255 (4th Cir. 1999).

Burch also alleges that his attorney made no motion to dismiss the jury or move to have the

jury sequestered. With regard to this allegation, he only asserts that after the jury was selected the trial court dismissed the jury on April 23, 1997, until April 28, 1997, and that "although the Court instructed the jurors not to discuss the case, it did not prevent the news media and those in law enforcement from generating influence during this period of time." However, Burch does not explain what he means by this statement. Nor does Burch offer any evidence to support this broad statement.

Burch also alleges that his habeas counsel was ineffective. However, because there is no constitutional right to counsel in a habeas proceeding, a habeas petitioner cannot claim constitutionally ineffective assistance of counsel in a habeas proceeding. Mackall v. Angelone, 131 F.3d 442, 447 (4th Cir.1997) cert. denied 522 U.S. 1100 (1998).

Consequently, for the foregoing reasons, Burch's claim of ineffective assistance of counsel is without merit.

## IV. RECOMMENDATION

It is recommended that the petition of Dennis Burch filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because his claims are unexhausted and without merit.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgement of this Court based upon such Recommendation.[8]

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: June __18__, 2004

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[8]28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).