IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS B. BURCH,

        Petitioner,

    v.                          CIVIL ACTION NO.  1:03CV171
                                         (Judge Keeley)

THOMAS McBRIDE, Warden,

        Respondent.


## ORDER DENYING 28 U.S.C. § 2254 PETITION ON THE MERITS

Pursuant to 28 U.S.C. § 2254(b)(2), "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  In accord with that provision, the Court **DENIES** and **DISMISSES WITH PREJUDICE**, the *pro se* petitioner, Dennis Burch's, amended 28 U.S.C. § 2254 petition for writ of *habeas corpus* for the reasons that follow.


## I.  Background Facts

Sometime in May, 1997, Dennis Burch ("Burch") was convicted of First Degree Murder in the Circuit Court of Ritchie County, West Virginia, for the shooting death of Gary Hissem.  According to Burch, sometime in July, 1996, his wife began having an affair with Mr. Hissem, a Ritchie County deputy sheriff.  On October 3, 1996, Burch hid in his garage and loaded a .22 caliber pistol while waiting for his wife to return home from work.  After his wife got

<u>**ORDER DENYING 28 U.S.C. § 2254 PETITION ON THE MERITS**</u>

home, Burch secretly hid in the trunk of his wife's car, which she soon drove to the house where Mr. Hissem was staying.

Once his wife had entered the house, Burch "crawled out of the trunk of her vehicle and carried with him the loaded .22 caliber pistol." Burch then went to the front porch of the house and listened to those inside talking for an undisclosed period of time. Sometime thereafter, he "burst through the front door of the residence, causing the door frame to shatter and causing splinters of wood to sprinkle over the foyer area and into the living room where his wife and Mr. Hissem were located." Mr. Hissem, however, had been sitting with two loaded weapons nearby, and stood up with his .357 magnum drawn and pointed at Burch. After Burch's wife screamed "Dennis, be careful, he has a gun," Burch opened fire, shooting Mr. Hissem six times and killing him. (<u>See</u> Doc. No. 13, at 6-10.)

Following his conviction in Ritchie County Circuit Court, on October 1, 1997, Burch filed a petition for direct appeal to the West Virginia Supreme Court. On March 25, 1998, that court refused Burch's petition for appeal, rendering his conviction final.

## II. <u>State Post-Conviction Proceedings</u>

Following his conviction, but prior to filing his first state petition for habeas corpus, Burch appeared for two hearings before

**ORDER DENYING 28 U.S.C. § 2254 PETITION ON THE MERITS**

the Circuit Court of Ritchie County to address his previously filed requests for documents and appointment of habeas counsel. On June 15, 1999, Judge Robert L. Holland, Jr. appointed attorney Brian Carr to represent Burch as habeas counsel. Despite the appointment of counsel, on July 21, 1999, Burch filed a *pro se* brief in the Circuit Court of Ritchie County outlining thirty-eight issues he sought to have addressed. Thereafter, on October 15, 1999, Burch's attorney filed a petition for habeas corpus with the court.

On June 18, 2002, the Circuit Court of Ritchie County summarily denied Burch's petition by order, addressing both the facts and law relating to Burch's claims. Burch then filed a petition for appeal of the Ritchie County Circuit Court's denial of his habeas corpus petition with the West Virginia Supreme Court, which it refused on May 14, 2003.

## II. Procedural History

On July 24, 2003, pursuant to 28 U.S.C. § 2254, Burch filed a petition for writ of *habeas corpus* by a person in state custody challenging his 1997 conviction in the Circuit Court of Ritchie County, West Virginia, for first degree murder. (Doc. No. 1.) On November 7, 2003, United States Magistrate Judge John S. Kaull ordered Burch to file an amended petition clarifying his pleadings

and providing additional information regarding Burch's efforts to exhaust his state remedies. (Doc. No. 10.) After receiving an extension of time to do so, Burch timely filed an amended petition on December 10, 2003. (Doc. No. 13.)

On June 18, 2004, Magistrate Judge Kaull issued a report and recommendation ("R&R") recommending that Burch's amended petition be denied and dismissed with prejudice. (Doc. No. 15.) In his report, the Magistrate Judge found that Burch had failed to exhaust all but one of his numerous grounds for relief because "Burch did not raise his federal constitutional issues before the West Virginia Supreme Court of Appeals on either his direct appeal or in his petition for appeal from the denial of his habeas corpus petition." Id. at 10. Nonetheless, after recognizing that the Court could still deny Burch's claims despite his failure to exhaust, 28 U.S.C. § 2254(b)(2), Magistrate Judge Kaull analyzed each of the grounds in Burch's amended petition and found them to be without merit.

On August 6, 2004, Burch filed objections to the Magistrate Judge's R&R. (Doc. No. 18.) While Burch objected to Magistrate Judge Kaull's findings on the merits, he did not refute the finding that all but one of the claims raised in his amended § 2254 petition were unexhausted. Instead, Burch moved the Court to

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

further amend his petition and hold it in abeyance while he litigated a second *habeas corpus* petition through the state courts of West Virginia in an effort to exhaust the claims in his amended § 2254 petition and present new grounds relating to his existing claims of jury bias and ineffective assistance of counsel. While petitioners are generally limited to one post-conviction proceeding under West Virginia law, See Syl. pt. 4, Losh v. McKenzie, 277 S.E.2d 606 (W.Va. 1981), Burch argued that the additional grounds he asserted in his second state petition fell within narrowly defined  exceptions to that rule because they were based on the ineffective assistance of his habeas counsel and the discovery of new evidence in the form of "certain transcripts" that had previously been unavailable to him.[1]

On September 7, 2004, the Court granted Burch's motion to amend his § 2254 petition to include the new grounds presented in his second petition to the Circuit Court of Ritchie County on July

---

[1]  While West Virginia's "post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled as a matter of right, to only one post-conviction habeas corpus proceeding," Syl. pt. 4, Losh v. McKenzie, 277 S.E.2d 606 (W.Va. 1981), "a few narrow grounds" are available to a petitioner seeking to litigate a second *habeas corpus* petition in state court, Markley v. Coleman, 601 S.E.2d 49, 53 (W.Va. 2004). Specifically, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. pt. 4, in part, Losh, 277 S.E.2d 606.

ORDER DENYING 28 U.S.C. § 2254 PETITION

14, 2004,[2] and to hold his petition in abeyance while he exhausted his state remedies on all his claims. (Doc. No. 19.) Further, the Court directed Burch to notify it within 30 days following exhaustion of those remedies with the West Virginia Supreme Court of Appeals. After receiving no notice from Burch, on April 13, 2005, the Court ordered him to advise the Court of the status of his state petition by May 16, 2005. (Doc. No. 20).

On April 21, 2005, Burch timely responded and informed the Court that he had followed his July 14, 2004 *habeas* petition to the Circuit Court of Ritchie County with a petition for writ of *mandamus* to the West Virginia Supreme Court of Appeals on November 8, 2004, but that no action had been taken on either petition. (Doc. No. 21.) Approximately three months later, on July 27, 2005, Burch notified the Court that the West Virginia Supreme Court had denied his petition for writ of *mandamus*, and that the Circuit Court of Ritchie County had still yet to act on his *habeas* petition. (Doc. No. 22.) Further, he urged this Court to take jurisdiction over his amended petition. Pursuant to the authority

---

[2] In its September 7, 2004 Order, the Court found that Rule 15 of the Federal Rules of Civil Procedure applied to Burch's § 2254 motion, and that, because the new grounds raised by Burch were not "completely new" claims, those grounds related back to his § 2254 petition and amendment was proper. (See Doc. No. 19 at 2-5.)

## ORDER DENYING 28 U.S.C. § 2254 PETITION

granted by 28 U.S.C. § 2254(b)(2), the Court now does so and denies

his claims on the merits.

## II. Discussion

Title 28 of the United States Code, Section 2254(a) provides:

> ...[A] district court shall entertain an application for
> writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court only on the
> ground that he is in custody in violation of the
> Constitution or laws or treaties of the United States.

In his December 10, 2003, amended § 2254 petition ("first amended

petition"), (Doc. No. 13), Burch asserted the following grounds:

1.  The trial court's decisions in pretrial, trial and post-trial
    proceedings that resulted in adverse rulings against his
    defense, the decision by the West Virginia Supreme Court of
    Appeals to refuse review of the direct petition for
    appeal . . . the State's failure to provide post-conviction
    discovery . . . the refusal of the Circuit Court of Ritchie
    County to schedule and hold a[n] omnibus evidentiary hearing
    on the merits of his petition for a writ of habeas corpus ad-
    subjiciendum, and the decision of the West Virginia Supreme
    Court of Appeals to refuse review . . . of the petitioner's
    habeas appeal . . . represents the denial of basic due process
    under the Fourteenth Amendment of the United States
    Constitution, and in a word, it is simply unfair for the State
    of West Virginia to condemn him to spend the rest of his
    natural life in prison with the possibility parole [sic]
    without a merit consideration by the State's highest court on
    appeal and the lower Court via habeas corpus proceedings.

2.  The Circuit Court of Ritchie County, West Virginia denied his
    Due Process of Law as guaranteed by the Fourteenth Amendment
    to the Constitution of the United States of America when the
    Honorable Robert L. Holland, Jr., summarily dismissed the
    petitioner's State petition for writ of habeas corpus ad-

## ORDER DENYING 28 U.S.C. § 2254 PETITION

subjiciendum on June 18, 2002 without holding a full open court omnibus evidentiary hearing and entering a proper finding of facts and conclusions of law order for each of the issues raised violative of the statutory right accorded all state habeas corpus petitioners in West Virginia Code § 53-4A-7(c).

3.     The Circuit Court of Ritchie County committed reversible error in admitting into evidence the videotaped statement of his wife given to the investigating police officers within one hour of the crime.

4.     The Circuit Court of Ritchie County committed reversible trial error and violated his state and federal constitutional rights to a fair and impartial jury trial, and due process of law in admitting the videotape of the crime scene and photographs showing the bullet wounds of the victim.

5.     The Circuit Court of Ritchie County committed reversible trial error and violated his state and federal constitutional rights to a fair and impartial jury trial, and to due process of law by not instructing the jury that intent to kill is a required element of second degree murder . . . The trial court erred when it failed to allow him to introduce the multiple prior bad acts, threats and violent character of the decedent, and, denied his rights to a full and fair trial.

6.     The trial court committed reversible error and violated his state and federal constitutional rights to due process of law in ruling that the petitioner's grounds and/or issues raised within his State petition for a writ of habeas corpus were res judicata.

7.     The trial court committed reversible error and violated his state and federal constitutional rights to due process of law in ruling that the petitioner could not present amendments or amended grounds in his State petition for a writ of habeas corpus.

8.     The trial judge's conduct during the testimony of the Petitioner's spouse was prejudicial to the Petitioner's defense of self-defense.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

9.  Communication took place between certain jurors and third parties during the trial of this matter concerning the trial.

10. His constitutional rights to equal protection, due process of law, and a fair and impartial jury trial were violated due to ineffective assistance of counsel, violative of Article III, Sections 10, 14, and 17 of the West Virginia Constitution and the First, Sixth, and Fourteenth Amendments to the United States Constitution.

    a.  Trial counsel violated the Petitioner's right to effective assistance of counsel in that . . . Judge Joseph G. Troisi disclosed to the parties that the person named in the indictment as victim, Gary B. Hissem, was the brother of the husband of Judge Troisi's second cousin's daughter. Judge Troisi refused to voluntarily recuse himself and trial counsel made no motion to request disqualification.

    b.  The appointment and subsequent selection of the petit jurors, some of whom were previously represented by the special prosecutor and who in fact was married to petit juror, Ernest Jones's niece, was never objected to by trial counsel.

    c.  Trial counsel . . . failed to move the Court for a change of venue.

    d.  Most of the jurors had indicated during voir dire that they had read and watched news articles, and, had in fact discussed or heard about the case throughout the community. Although the Court instructed the jurors not to discuss the case, it did not prevent the news media and those in law enforcement from generating influence during this period of time. Trial counsel made no motion to dismiss the jury, or move to have the jury sequestered.

    e.  Habeas counsel . . . refus[ed]to obtain possession of all transcripts prior to filing the petitioner's post-conviction habeas corpus.

    f.  Habeas counsel . . . allowed the time period for amending the Petitioner's habeas petition to expire.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

     g.    Habeas counsel failed to review all transcripts and in doing so, denied the Petitioner an opportunity to put forth a claim of ineffective assistance of trial and appellate counsel.

Thereafter, in his second state habeas corpus petition ("second amended petition"), incorporated into the pending § 2254 petition by this Court's September 7, 2004 Order, Burch raised the following additional grounds:

A.    The petitioner contends that habeas counsel, Brian Carr, denied him effective assistance of counsel by failing to properly investigate; by failing to obtain possession of all transcripts; by refusing to amend/supplement the petition prior to the Circuit Court of Ritchie County summarily dismissing the petition; by failing to properly litigate, exhaust, and appeal the issues which were summarily dismissed.

B.    The petitioner contends that his constitutional right to a fair and impartial petit jury was violated by the failure of the court, counsel and prosecution to remove certain potentially biased jurors in violation of the Sixth and Fourteenth Amendments.

C.    The petitioner contends that his trial and appellate attorney, George Cosenza, was ineffective when he failed to protect the petitioner's constitutional right to a fair and impartial petit jury; failed to request a change of venue or a different jury poll; failed to request the recusal of the trial judge; failed to make proper objections; and, failed to obtain all transcripts in violation of the Sixth and Fourteenth Amendments.

    Pursuant to 28 U.S.C. § 2254(a), the Court now addresses, in turn, each of Burch's claims that his conviction in the Circuit Court of Ritchie County, West Virginia, violated federal law;

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

beginning with a _de novo_ review of those claims addressed by Magistrate Judge Kaull in the R&R and concluding with a review of those additional claims based on new evidence Burch raised in his second state habeas corpus petition.

**Ground 1:**

In Ground One of his first amended petition, Burch brings Fourteenth Amendment Due Process challenges to both the West Virginia Supreme Court's refusal to hear his petition for direct appeal, and to multiple alleged procedural defects relating to his post-conviction habeas corpus proceedings in state court. Because Ground Two of Burch's first amended petition also brings due process challenges relating to his post-conviction habeas corpus proceedings in state court, the Court will address all such challenges under that ground.

Upon review, Magistrate Judge Kaull found that the West Virginia Supreme Court's discretionary review of Burch's petition for direct appeal did not violate his due process protections. In _Billoti v. Legursky_, 975 F.2d 113 (4th Cir. 1992), _cert. denied_, 507 U.S. 984 (1993), the Fourth Circuit Court of Appeals held that West Virginia's discretionary appeal procedures satisfied the due process requirements of the Fourteenth Amendment. _Id._ at 116. In doing so, it noted that "the right to petition for appeal to the

ORDER DENYING 28 U.S.C. § 2254 PETITION

[West Virginia] Supreme Court of Appeals is accompanied by an array of procedural protections." Id. at 115.  Thus, Magistrate Judge Kaull recommended that Ground One of Burch's first amended petition be denied and dismissed with prejudice.

In his objections, Burch recognizes Billoti's holding, but argues that life sentences should receive mandatory appellate review.  Further, he baldly asserts that "he was unable to properly raise his claims in the lower courts because those of authority who are elected and those who were hired and appointed to protect his rights are the ones responsible for violating and obstructing his rights." (Doc. No. 18 at 30.)

In Billoti v. Dodrill, the West Virginia Supreme Court of Appeals held that a defendant convicted on three counts of First Degree Murder and sentenced to life imprisonment with no possibility of parole had no state or federal constitutional right to full appellate review of his conviction. 394 S.E.2d 32 (W.Va. 1990).  In Syllabus point four, the court stated:

> West Virginia does not grant a criminal defendant a first appeal of right, either statutorily or constitutionally. However, our discretionary procedure of either granting or denying a final full appellate review of a conviction does not violate a criminal defendant's guarantee of due process and equal protection of the law.

Syl. pt. 4, Billoti v. Dodrill, 394 S.E.2d 32.

## ORDER DENYING 28 U.S.C. § 2254 PETITION

Here, Burch is sentenced to life with the possibility of parole. He filed a petition for appeal following his conviction which the West Virginia Supreme Court refused to hear. That refusal pursuant to West Virginia's discretionary appeal procedures did not violate Burch's Fourteenth Amendment due process protections, Billoti v. Legursky, 975 F.2d 113, particularly since West Virginia does not recognize a right to mandatory appellate review for defendant's with life sentences, Billoti v. Dodrill, 394 S.E.2d 32. Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground One of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

**Ground 2:**

In both Ground One and Ground Two of his first amended petition, Burch brings Fourteenth Amendment Due Process challenges to the to the Circuit Court of Ritchie County's dismissal of his post-conviction habeas corpus petition without conducting an omnibus evidentiary hearing in accord with West Virginia Code § 53-4A-7(c). He further challenges the West Virginia Supreme Court's refusal to hear his habeas corpus petition.

Upon review, Magistrate Judge Kaull found that West Virginia statutory law governing state post-conviction habeas corpus remedies does not require a court to hold an omnibus evidentiary

ORDER DENYING 28 U.S.C. § 2254 PETITION

hearing prior to the denial of a habeas corpus petition.  Rather,

subsection (a) of West Virginia Code § 53-4A-7(1998) provides in

pertinent part:

> If the petition [and other related documents] . . . show
> to the satisfaction of the court that the petitioner is
> entitled to no relief, . . . the court shall enter an
> order denying the relief sought.  If it appears to the
> court from said petition [and other related documents],
> . . . that there is probable cause to believe that the
> petitioner may be entitled to some relief . . ., the
> court shall promptly hold a hearing and/or take evidence
> on the contention or contentions and grounds (in fact or
> law) advanced, and the court shall pass upon all issues
> of fact without a jury.

Further, in Gibson v. Dale, the West Virginia Supreme Court

recognized that "[i]t is evident from a reading of W.Va. Code 53-

4A-7(a) that a petitioner for habeas corpus relief is not entitled,

as a matter of right, to a full evidentiary hearing in every

proceeding instituted under the provisions of the post-conviction

habeas corpus act."  319 S.E.2d 806, 812-813 (W.Va. 1984).

     In this case, the Circuit Court of Ritchie County, West

Virginia, was fully apprized of the issues Burch sought to litigate

in his first petition for state habeas corpus relief.  In addition

to having the aid of an attorney to prepare and file the petition,

he sent a *pro se* brief to the Circuit Court further outlining his

position. Moreover, in summarily denying his petition, the Circuit

Court of Ritchie County addressed the factual and legal bases of

its decision.  Thus, its refusal to conduct an omnibus evidentiary
hearing did not violate Burch's Fourteenth Amendment due process
protections.[3]

In his objections to Magistrate Judge Kaull's R&R, however,
Burch cites the United States Supreme Court's decision in Townsend
v. Sain, 372 U.S. 293 (1963), *overruled on other grounds*, Keeney v.
Tamayo-Reyes, 504 U.S. 1 (1992), for the proposition that he has a
right to an evidentiary hearing in federal court because the facts
material to his federal habeas petition were not adequately
developed in state court.  Further, he argues that it was not for
any lack of diligence that those facts weren't developed below.
Thus, Burch asserts, his case should fit into the narrow window
allowing for a federal evidentiary hearing provided by §
2254(e)(2).  The Court disagrees.

As the Court has exercised jurisdiction over Burch's
unexhausted claims of constitutional violation in his second state
habeas corpus proceeding at Burch's request, it is undisputed that
Burch has failed to develop the factual bases of those claims in
state court proceedings.  However, with the benefit of trial court

---

[3] Further, for the reasons stated in the Court's analysis of Ground One,
the WVSC's discretionary refusal to hear Burch's petition for appeal from the
dismissal of his habeas corpus petition did not constitute a violation of due
process.

transcripts, the Court finds Burch has fully developed the factual bases for his federal habeas claims through his first and second amended petitions.   Further, under § 2254(e)(2), the Court shall not conduct an evidentiary hearing on Burch's claims, unless, *inter alia*, "the facts underlying the claim[s] would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).  Because the Court finds that the facts underlying his claims do not meet that standard, and his claims fail on the merits, no federal evidentiary hearing is warranted in this case.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground Two of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

**Ground Three:**

In Ground Three of his first amended petition, Burch challenges an evidentiary ruling made by the Circuit Court of Ritchie County, West Virginia, on grounds that it violated West Virginia law.   Specifically, he asserts that it was reversible error for the Circuit Court of Ritchie County to admit into evidence the videotaped statement of his wife given to the investigating police officers within one hour of the crime.

-16-

## ORDER DENYING 28 U.S.C. § 2254 PETITION

Upon review, Magistrate Judge Kaull found that Ground Three of Burch's first amended petition argued only that the Circuit Court of Ritchie County violated West Virginia law, and thus, did not raise a cognizable federal claim under § 2254(a).

In his objections, Burch asserts that courts must construe the pleadings of *pro se* petitioners liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972), and must address the substance of any constitutional violation inherent in his claim, whether expressly asserted or not. He does not, however, suggest where such a violation may lie in this case.

Burch's claim in Ground Three of his first amended petition is based entirely on the alleged violation of West Virginia Code § 57-3-3 outlining West Virginia's marital privilege law. It does not allege grounds that "he is in custody in violation of the Constitution or laws or treaties of the United States." Thus, it is not cognizable under § 2254.

Moreover, even if Burch's claims are considered to rest on fundamental fairness grounds, a "federal court must tread gingerly and exercise considerable self-restraint" when reviewing trial court's evidentiary rulings. <u>Duckett v. Mullin</u>, 306 F.3d 982, 999 (10th Cir. 2002)(internal quotations omitted). In this case, the Court finds no grounds to upset the trial court's evidentiary

ruling.   In Burch's petition he provides a transcript excerpt detailing the trial court judge's thorough analysis and findings with regard to both application of West Virginia Code § 57-3-3 and the rules of evidence to the challenged videotape.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground Three of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

**Ground Four:**

In Ground Four of his first amended petition, Burch challenges another evidentiary ruling made by the Circuit Court of Ritchie County, West Virginia, on grounds that it violated his state and federal constitutional rights to a fair and impartial jury trial, and due process of law.  Specifically, he asserts that the Circuit Court of Ritchie County committed reversible error by admitting a videotape of the crime scene and photographs showing the bullet wounds of the victim.   He challenges both the relevance and probative value of the videotape.

Upon review, Magistrate Judge Kaull found that the admission of the contested evidence "did not violate constitutional rights and did not impugn the fundamental fairness of the trial." (Doc. No. 15 at 17.)   Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," the

-18-

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

admissibility of evidence in a state court trial is an issue of state law that does not present a federal question. <u>Grundler v. North Carolina</u>, 283 F.2d 798, 802 (4th Cir. 1960). Further, "[t]he trial court's consideration of the probative value versus the prejudicial effect of particular pieces of evidence, absent extraordinary circumstances, will not be disturbed. <u>Beasley v. Holland</u>, 649 F.Supp. 561, 565 (S.D.W.Va. 1986)(citing <u>United States v. MacDonald</u>, 688 F.2d 224 (4th Cir. 1982).

In his objections, Burch reasserts his relevance and abuse of discretion arguments, but to no avail.  Burch's trial counsel objected to the admission of the videotape at a pretrial suppression hearing, and the trial court judge overruled that objection.  Nothing presented to this Court warrants the reconsideration of that informed judgment.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground Four of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

**Ground Five:**

In Ground Five of his first amended petition, Burch brings two claims of constitutional violation.  First, he contends that the trial court violated his constitutional right to a fair and impartial jury and due process of law by failing to provide proper

jury instructions for the lesser included offense of Second Degree
Murder. Specifically, while the trial court correctly set forth
the required elements of First Degree Murder and Voluntary
Manslaughter under West Virginia law in its jury charge, the court
did not include the required element of intent in its Second Degree
Murder instruction.

The trial court enumerated the required elements of the
charged offenses as follows:

```
[First Degree Murder]
        1.    The Defendant, Dennis Burton Burch;
        2.    in Ritchie County, West Virginia;
        3.    on or about the 3rd day of October, 1996;
        4.    wilfully;
        5.    intentionally;
        6.    deliberately;
        7.    premeditatedly;
        8.    maliciously;
        9.    and unlawfully;
        10.   killed;
        11.   Gary B. Hissem.

[Second Degree Murder]
        1.    The Defendant, Dennis Burton Burch;
        2.    in Ritchie County, West Virginia;
        3.    on or about the 3rd day of October, 1996;
        4.    unlawfully and;
        5.    maliciously;
        6.    but     without     deliberation     or
              premeditation;
        7.    killed;
        8.    Gary B. Hissem.

[Voluntary Manslaughter]
        1.    The Defendant, Dennis Burton Burch;
        2.    in Ritchie County, West Virginia;
        3.    on or about the 3rd day of October, 1996;
```

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

4.   intentionally;
5.   unlawfully and;
6.   feloniously, but without premeditation,
     deliberation, or malice;
7.   killed;
8.   Gary B. Hissem.

In his petition, Burch argues that given these instructions, the jury could not find him guilty of Second Degree Murder if they believed he acted intentionally and with malice.

Upon review, Magistrate Judge Kaull found that any error in the trial court's instructions to the jury was harmless and that the existence of facts supporting a jury finding that Burch killed the victim with premeditation foreclosed any substantial or injurious effect by the error on the jury's verdict of First Degree Murder.

In his objections, Burch did not contest the Magistrate Judge's finding on this claim. Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's recommendation on Burch's first claim under Ground Five and **DISMISSES** that portion of Ground Five **WITH PREJUDICE**.

In Burch's second claim of constitutional violation in Ground Five, he asserts that the trial court erred when it failed to allow him to introduce the multiple prior bad acts, threats, and violent character of the decedent.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

Upon review, Magistrate Judge Kaull found Burch's claim to be without merit because, as discussed *supra*, a state trial court's evidentiary rulings do not raise a federal question unless "circumstances impugning fundamental fairness or infringing specific constitutional protections" are present. <u>Grundler</u>, 283 F.2d at 802.

In his objections, Burch argues that the trial court's ruling excluding such evidence was fundamentally unfair and infringed on his constitutional rights because "the prosecution put forth testimony of the decedent's character as a law enforcement officer." (Doc. No. 18 at 7.)

The Court disagrees. Beyond his bald assertion, Burch does not present any argument evidencing an abuse of discretion by the trial judge. He sought to introduce evidence of the decedent's alleged prior bad acts and violent character at trial, and the trial judge ruled the evidence inadmissible. This Court finds no reason to upset that judgment.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation on Burch's second claim under Ground Five and **DISMISSES** that portion of Ground Five **WITH PREJUDICE**.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

**Ground Six:**

In Ground Six of his first amended petition, Burch asserts the trial court committed reversible error and violated his Fourteenth Amendment rights to due process by ruling that issues raised in his original state habeas corpus petition were *res judicata* without conducting an omnibus evidentiary hearing.

Upon review, Magistrate Judge Kaull found Burch's claim to be without merit because, as discussed *supra*, Burch was not entitled under all circumstances under state or federal law to an omnibus evidentiary hearing.

In his objections, Burch reiterates almost *verbatim* the arguments he raised in his objections to Ground Two regarding the propriety of a post-conviction evidentiary hearing in his case.

For the reasons set forth in Ground Two *supra*, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground Six of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

**Ground Seven:**

In Ground Seven of his first amended petition, Burch asserts the trial court committed reversible error and violated his Fourteenth Amendment rights to due process by ruling that he could

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

not amend or present amended grounds in his first state court petition for habeas corpus.

Because Burch subsequently moved this Court to amend his § 2254 petition to include all claims brought in both his federal and second state court habeas corpus petition, and because the Court granted that motion, it **DENIES AS MOOT** Ground Seven of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE**.

**Ground Eight:**

In Ground Eight of his first amended petition, Burch asserts that the trial judge's conduct during the testimony of the Petitioner's spouse was prejudicial to the Petitioner's defense of self-defense. Specifically, Burch alleges that during his wife's testimony, in which she refuted portions of the videotaped statement she had given to police shortly after the shooting, the trial judge snickered audibly two times and turned his chair so that his back was turned to the witness during her testimony.

Upon review, Magistrate Judge Kaull found that the alleged actions of the trial court judge did not arise to a denial of due process. "A petitioner claiming that a judge's bias deprived him of a fair trial faces a difficult task . . . a federal court will not lightly intervene when such a claim is asserted." Gayle v. Scully, 779 F.2d 802, 806 (2d Cir. 1985), cert. denied, 479 U.S.

838 (1986). Further, a "petitioner must demonstrate not merely that the judge's conduct was 'undesireable' or even 'universally condemned,' but he must show that it 'violated some right guaranteed to the defendant by the Fourteenth Amendment.'" <u>Minor v. Harris</u>, 556 F.Supp 1371, 1378 (S.D.N.Y. 1983)(quoting <u>Cupp v. Naughten</u>, 414 U.S. 141, 146 (1973)).

In his objections, Burch asserts that the trial judge's conduct made a "mockery" of the judicial system and denied him the right to a fair and impartial trial. He then goes on to argue three grounds in support that have no relation whatsoever to the allegations brought in Ground Eight of Burch's first amended petition.[4] Nowhere in his objections does Burch address Magistrate Judge Kaull's recommended finding that, even if the allegations raised in Ground Eight of his first amended petition were true, they would not give rise to a denial of due process.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation with regard to Ground Eight of Burch's first amended petition and **DISMISSES** that ground **WITH PREJUDICE.**

---

[4] Burch asserts that first, "the trial judge was related to the victim," second, "the prosecutor had a relationship by marriage to one of the jurors," and third, "almost all the jurors had watched and read news coverage of the case."

ORDER DENYING 28 U.S.C. § 2254 PETITION

**Ground Nine:**

In Ground Nine of his first amended petition, Burch asserts that improper communication concerning the trial took place between jurors and third parties during the trial of his case, thereby prejudicing the defendant.  Specifically, Burch contends that on one occasion, at least four witnesses observed a female juror engage in a lunchtime conversation with the sister of the victim, while on another occasion, a girlfriend of one of the jurors "related to several individuals information sufficient to indicate that she and the juror had been discussing the case during its pendency."

The Sixth Amendment guarantees a criminal defendant the right to an impartial jury.  Fullwood v. Lee, 290 F.3d 663 (4th Cir. 2002), cert. denied, 537 U.S. 1120 (2003).  "[W]hen a habeas petitioner bases a juror bias claim on improper communication between, or improper influence exerted by, a nonjuror upon a juror . . ., he must first establish both that an unauthorized contact was made and that it was of such character as to reasonably draw into question the integrity of the verdict." Id. at 678 (internal quotations omitted).  Further, "[p]rivate communications, possibly prejudicial, between jurors and third persons . . . are absolutely forbidden, and invalidate the verdict, at least until their

harmlessness is made to appear." Gray v. Hutto, 648 F.2d 210, 211 (4th Cir. 1981)(quoting Mattox v. United States, 146 U.S. 140 (1892).

Unlike his other grounds for habeas corpus relief under § 2254, Burch raised this ground for relief in his first habeas corpus petition to state court. In review, the state habeas court found that the trial court judge had properly followed West Virginia law by conducting individual *voir dire* of the juror seen talking to a third party during a lunch break to determine if she was free from bias or had been exposed to prejudicial information. See Syl. pt. 1, State v. Finley, 355 S.E.2d 47 (W.Va. 1987)(discussing the individual *voir dire* of prospective jurors that have been exposed to potentially prejudicial information). Further, the jury was polled following the reading of the verdict, and Burch filed no interlocutory or direct appeal on these grounds. Thus, the state habeas court found that if any error occurred it was harmless.

Upon review, Magistrate Judge Kaull found that the trial court adequately addressed the allegations of juror misconduct when they arose, and that Burch had not provided any evidence that the state

ORDER DENYING 28 U.S.C. § 2254 PETITION

habeas corpus court's findings that no prejudicial juror misconduct occurred was wrong.[5]

In his objections on Ground Nine, Burch refers to new allegations of juror misconduct brought in Ground B of his second amended petition for § 2254 relief. Notably, those new allegations do not relate to the claims of juror misconduct Burch raises in Ground Nine of his first amended petition.

Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's recommendation on Ground Nine and **DISMISSES** that Ground **WITH PREJUDICE.**

**Ground Ten:**

In Ground Ten of his first amended petition, Burch asserts that he was unconstitutionally denied the effective assistance of both his trial and habeas counsel for numerous reasons.

Sixth Amendment ineffective assistance of counsel claims are analyzed pursuant to the conjunctive, two-prong analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires

---

[5] Nowhere does Burch assert facts sufficient to establish that an unauthorized discussion took place with regard to his second alleged occurrence of juror misconduct between a juror and his girlfriend regarding the case.

showing that counsel made errors so serious that counsel
was not functioning as the "counsel" guaranteed the
defendant by the Sixth Amendment. Second, the defendant
must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were
so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable.

In order to satisfy the deficiency requirement, a petitioner

must demonstrate the objective unreasonableness of his attorney's

performance. Id. at 688. Further, "[j]udicial scrutiny of

counsel's performance must be highly deferential." Id. at 689.

Thus, a reviewing court with the benefit of hindsight must not

second-guess those decisions of counsel which, given the totality

of the circumstances at the time of trial, "might be considered

sound trial strategy." Id. (quoting Michel v. State of La., 350

U.S. 91, 101 (1955)).

In order to satisfy the prejudicial effect requirement of

Strickland's two-prong test, "the defendant must show there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine

confidence in the outcome." Id. at 694. Further, Strickland makes

clear that either prong of its test for ineffective assistance of

counsel may be analyzed first, and thus, if no prejudice is shown

by a petitioner, a court need not analyze counsel's performance.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

Id. at 697; Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297

(4th Cir.), cert. denied, 506 U.S.

In this case, Magistrate Judge Kaull thoroughly analyzed each

of the individual grounds raised in Ground Ten of Burch's first

amended petition pursuant to the Strickland standard. He concluded

that each of those grounds were without merit, and Burch was not

denied the effective assistance of counsel. (See Doc. No. 15 at 23-

26.)

In his objections to Magistrate Judge Kaull's recommended

dismissal of Ground Ten, Burch states the following:

> The Petitioner argues that the facts of his claims in and
> of themselves should raise a red flag to allow the
> petition to come forward. Therefore, the petitioner
> respectfully request[s] the Honorable Court [to] deny the
> magistrate's Report and Recommendation.

(Doc. No. 18 at 10.)

Because Burch raised no specific factual or legal objection to

the recommended findings of Magistrate Judge Kaull with regard to

Ground Ten of his first amended petition, the Court **ADOPTS** those

findings and **DISMISSES** Ground Ten **WITH PREJUDICE**.

The Court now turns to those claims raised in Burch's second

amended petition.

## ORDER DENYING 28 U.S.C. § 2254 PETITION

**Ground A:**

In Ground A of his second amended petition, Burch brings an ineffective assistance of counsel claim against his habeas counsel in state court.

Pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Ground A of Burch's second amended petition is not cognizable, and the Court **DISMISSES** that ground **WITH PREJUDICE.**

**Ground B:**

In Ground B of his second amended petition, Burch asserts that his Sixth Amendment right to a fair and impartial jury trial was violated because potentially biased jurors were neither excused by the trial court nor struck from the jury pool by the parties during *voir dire*. Specifically, Burch brings claims of bias against two jurors based on information they provided during *voir dire*. First, juror Earnest Jones revealed that his niece was married to the special prosecutor in the case, and second, juror Delmas Curtis revealed that he had criminal charges pending against him in another county.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

In West Virginia, "[t]he determination of whether a prospective juror should be excused to avoid bias or prejudice in the jury panel is a matter within the sound discretion of the trial judge." O'Dell v. Miller, 565 S.E.2d 407, 410 (W.Va. 2002)(citing West Virginia Dept. of Highways v. Fisher, 289 S.E.2d 213, (W.Va. 1982), cert. denied, 459 U.S. 944 (1982)). Further, "[j]urors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." Id. at Syl. pt. 2.

In this case, the jurors openly revealed the information Burch complains of during the *voir dire* process. The Court finds it telling that neither party moved to dismiss the jurors for cause based on that information, nor did counsel expend any peremptory challenges to remove them from the jury pool. Further, the trial judge, in his sound discretion, did not *sua sponte* excuse the jurors for cause. Thus, while Burch's allegations may raise the specter of possible bias, the attorneys for both parties as well as the trial judge were satisfied that the jury pool would not impugn the right of Burch to receive a fair and impartial trial. Given the deference a reviewing court must accord a trial court's knowing

ORDER DENYING 28 U.S.C. § 2254 PETITION

involvement and the discretion vested in the trial court judge with regard to the excuse of prospective jurors, the Court finds that Burch's Sixth Amendment right to a fair and impartial trial was not circumscribed by the service of juror Jones and Curtis.

Accordingly, Ground B of Burch's second amended petition is **DISMISSED WITH PREJUDICE.**

**Ground C:**

In Ground C of his second amended petition, Burch asserts that his trial and appellate attorney, George Cosenza, was ineffective when he failed to protect the petitioner's constitutional right to a fair and impartial petit jury.[6]

As discussed in Ground B *supra*, the Court finds that no constitutional violation arose from the presence of jurors Jones and Curtis. That, in conjunction with the deferential Strickland standard, compel a finding that Burch's trial counsel's decision not to object to the service of those jurors did not render his assistance ineffective.

Accordingly, Ground C of Burch's second amended petition is **DISMISSED WITH PREJUDICE.**

---

[6] While the caption heading Ground C of Burch's second amended petition lists several additional grounds for his ineffective assistance of counsel claim, the body of his argument addresses only those claims relating to jury selection and his attorney's alleged failure to strike the challenged jurors.

**ORDER DENYING 28 U.S.C. § 2254 PETITION**

### III. <u>Conclusion</u>

For the foregoing reasons, the *pro se* petitioner, Dennis Burch's, 28 U.S.C. § 2254 petition is **DENIED** and **DISMISSED WITH PREJUDICE** from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, counsel of record, and all appropriate agencies.

DATED: September 29, 2006

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE